UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARMELO MADRUGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-1502 (ABJ) |
| | ) |
| SCOTT A. FARR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Carmelo Madruga, proceeding *pro se*, brings this lawsuit against defendants Damilka Santana, the Honorable Scott A. Farr, a judge in Florida County Court, and numerous John and Jane Doe defendants. Although plaintiff's complaint is difficult to understand, the Court construes it as alleging state law claims regarding proceedings in Florida court over plaintiff's child support payments and other domestic relations matters.[1] Because, as a federal court, the Court does not have subject matter jurisdiction to hear these claims, it does not reach the question of whether or not plaintiff's claims have merit under state law. Accordingly, defendants' motions to dismiss will be granted, and plaintiff's claims will be dismissed without prejudice.

The Court lacks federal question jurisdiction in this case under 28 U.S.C. § 1331 because it does not state a claim arising under federal law. Section 1331, or federal question jurisdiction, grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws,

---

1   Where the action is brought by plaintiff proceeding *pro se*, "the court must take particular care to construe the plaintiff's filings liberally, for such complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Cheeks v. Fort Myer Constr.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010) (internal citations omitted).

or treaties of the United States." 28 U.S.C. § 1331.  Federal question jurisdiction, however, is not without its limits.  "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"  *Vaden v. Discover Bank*, 556 U.S. 49, 129 S. Ct. 1262, 1272 (2009), quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Here, nothing in plaintiff's complaint indicates that he has a viable federal claim.

Nor does the Court have subject matter jurisdiction over plaintiff's claim under 28 U.S.C. § 1332.  Section 1332, or diversity of citizenship, provides in pertinent part that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is "between citizens of different [s]tates." 28 U.S.C. § 1332.  According to the complaint, the parties are citizens of Florida for the purposes of diversity jurisdiction, and plaintiff does not allege his injuries are in excess of $75,000.  Thus, the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  October 13, 2011